**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL SHAW FAUSETT, | No. 11-16022 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01724-RLH-VPC |
| v. | |
| LEBLANC, Registered Nurse; KELLY MARTINEZ, Registered Nurse; NALE BORU, Doctor; GALLOWAY, Doctor; NASEER, Doctor, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Roger L. Hunt, Senior District Judge, Presiding

Argued and Submitted December 5, 2013
San Francisco, California

Before: TROTT, THOMAS, and MURGUIA, Circuit Judges.

California state prisoner Michael Shaw Fausett appeals from the district

court's order granting summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his post-surgical medical needs. We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

under 28 U.S.C. § 1291. We review de novo, Toguchi v. Chung, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

Because the facts and circumstances of this case are well known to the parties and were fully aired during oral argument, we need not repeat them in detail here.

The district court properly granted summary judgment because Fausett failed to raise a genuine dispute of material fact as to whether defendants' treatment of Fausett's medical needs following his spinal fusion surgery constituted deliberate indifference. See id. at 1056-57 (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to inmate health; a difference of opinion concerning the appropriate course of treatment does not amount to deliberate indifference). We note that although the prison physician's orders did include a walker for use in-house and a wheelchair for movement across longer distances, neither Fausett's discharge orders from the hospital nor his doctor's orders recommended either a walker or a wheelchair. The decision not to provide Fausett with Valium as prescribed, but instead to provide substitute medicine along with other pain medication, did not constitute deliberate indifference.

The district court did not abuse its discretion by denying Fausett's motion to amend his complaint, which was filed after discovery was closed. See Ascon

Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) (leave to amend need not be granted where amendment of the complaint would cause the opposing party undue prejudice or create undue delay).

The district court did not abuse its discretion in denying Fausett's motion for appointment of counsel because Fausett failed to demonstrate exceptional circumstances. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

The district court did not abuse its discretion in denying Fausett's motion to appoint an expert because Fausett's claims did not involve complex issues or evidence. See Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1070 (9th Cir. 1999) (appointment of expert is reviewed for abuse of discretion).

Fausett's contentions regarding alleged procedural errors by the district court involving, inter alia, the use of a magistrate judge have no merit. All substantive decisions involving Fausett's case were made by District Court Judge Roger L. Hunt, not Magistrate Judge Valerie P. Cooke.

**AFFIRMED.**